**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **O.T.**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY**, <br><br> Defendant. | Civil Action No. 25-2585 (ZNQ) <br><br> **MEMORANDUM ORDER** |

**QURAISHI, District Judge**

THIS MATTER comes before the Court upon review of its docket.  On April 10, 2025, Plaintiff O.T. ("Plaintiff") appealed the Social Security Administration's denial of his request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*  (ECF No. 1; *see also* AR at 3–5, 140–49, ECF No. 11-2.)  The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c).

On June 17, 2025, the Commissioner for Social Security ("Defendant") filed the Administrative Record.  (ECF No. 11.)  Pursuant to Supplemental Rule 6 for Social Security Actions under 42 U.S.C. § 405(g), Plaintiff was required to file his appellate brief thirty days after the filing of the Administrative Record.  To date, Plaintiff has not submitted his brief, and such inaction may be construed as a failure to prosecute.  *See Wynne v. Colvin*, Civ. No. 15-984, 2017 WL 599415, at *1–2 (D.N.J. Feb. 14, 2017) (dismissing Social Security Appeal for lack of prosecution as a result of plaintiff's failure to file a brief).

Federal Rule of Civil Procedure 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with [the Federal R]ules or a court order, a defendant may move to

dismiss the action or any claim against it." This Rule has been interpreted to permit a district court to dismiss an action *sua sponte*. *See Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012) ("Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if a plaintiff fails to prosecute his case."). Dismissal for failure to prosecute may be appropriately invoked only after analyzing several factors, including: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis v. State Farm Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Shields*, 474 F. App'x at 858; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

Rather than dismiss this matter, the Court will exercise its discretion to provide Plaintiff with a one-time extension to file his brief. Plaintiff is cautioned that if he fails to file his brief by the deadline below, this matter will be dismissed with prejudice.

**IT IS** on this **7th** day of **April 2026**,

**ORDERED** that Plaintiff shall file the brief in support of his appeal of the Social Security Administration's denial of his request for SSI no later than **May 15, 2026**; and it is further

**ORDERED** that the Clerk shall send a hard copy of this Order to Plaintiff via regular U.S. mail and **ADMINISTRATIVELY TERMINATE** this case.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

2